IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

JIMMY DAVIS                                                                                     PLAINTIFF

VS.                                                        CIVIL ACTION NO. 3:21-cv-321-DPJ-FKB

CHARLAYNE HALL, WARDEN
HECTOR PORTILLO, and
MANAGEMENT & TRAINING
CORPORATION.                                                                                DEFENDANTS

### REPORT AND RECOMMENDATION

Jimmy Davis is an inmate in the custody of the Mississippi Department of Corrections (MDOC).  He brought this action pursuant to 42 U.S.C. § 1983 alleging excessive force by two prison officials at East Mississippi Correctional Facility (EMCF). Presently before the Court is Defendants' motion to dismiss, or, alternatively, for summary judgment [20].  Plaintiff has filed no response to the motion.  The undersigned recommends that the motion be granted.

Plaintiff's allegations, as set forth in his complaint [1] and in his response to the Court's order directing him to provide additional information [11], are as follows.  In April 2021, while Plaintiff was temporarily housed in the medical unit, personal property left in his cell went missing.  When Plaintiff asked Defendant Charlayne Hall about his missing property, Hall responded by punching him in the face.  Plaintiff then questioned Defendant Hector Portillo, the facility's warden, about his property.  Portillo responded in the same manner, punching Plaintiff in the face.

In their motion, Defendants argue that Plaintiff has failed to exhaust his administrative remedies. In support of their motion, Defendants have submitted the affidavit of Defendant Hall, who serves as the Acting Administrative Remedy Program (ARP) Coordinator and the custodian of the ARP files at EMCF. [20-8]. Hall states that her search of the ARP records indicates that Plaintiff has never submitted a grievance pertaining to any alleged use of force by either herself or Warden Portillo. *Id.* at 2.

The applicable section of the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997(e), requires that an inmate bringing a civil rights action in federal court first exhaust available administrative remedies. *Whitley v. Hunt*, 158 F.3d 882 (5th Cir. 1998). This exhaustion requirement "applies to all inmate suits about prison life." *Porter v. Nussle*, 534 U.S. 516, 122 S. Ct. 983, 992 (2002). The requirement that claims be exhausted prior to the filing of a lawsuit is mandatory and non-discretionary. *Gonzalez v. Seal*, 702 F.3d 785 (5th Cir. 2012). Because Plaintiff failed to exhaust his administrative remedies for his claims against Defendants, the undersigned recommends that the motion be granted and the complaint dismissed.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy[1] shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. § 636; Fed. R.

---

[1] Where a document is served by mail, the party is considered to have been served on the date the document is mailed by the Court. *See* Fed. R. Civ. P. 5(b)(2)(C).

Civ. P. 72(b); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

    Respectfully submitted, this the 9th day of January, 2023.

                                              s/ F. Keith Ball
                                              United States Magistrate Judge