UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

JIMMY DAVIS                                                                    PLAINTIFF

V.                                              CIVIL ACTION NO. 3:21-CV-321-DPJ-FKB

CHARLAYNE HALL, ET AL.                                                      DEFENDANTS

ORDER

This cause is before the Court on the Report and Recommendation [32] of United States

Magistrate Judge F. Keith Ball.  Plaintiff Jimmy Davis, an inmate with the Mississippi

Department of Corrections, filed this action pursuant to 42 U.S.C. § 1983, alleging he was

subjected to excessive force by two prison officials at East Mississippi Correctional Facility

(EMCF).

Specifically, Davis claims that when he was taken to EMCF medical, items of personal

property that were left in his cell were stolen.  Compl. [1] at 5.  He avers that he asked

Defendants Charlayne Hall and Hector Portillo about his property and "was severely punched, in

the (jaw) area and bloody lip and still fracture nose, kicked, in the back area several times, to I

collased."  *Id.* (capitalization altered but otherwise unaltered).  Defendants filed a motion [20] to

dismiss, or alternatively for summary judgment, claiming Davis failed to exhaust his

administrative remedies as to any excessive-force claims.

The Prison Litigation Reform Act (PLRA) requires an inmate bringing a civil rights

action in federal court to first exhaust his administrative remedies.  42 U.S.C. § 1997(e); *see*

*Whitley v. Hunt*, 158 F.3d 882 (5th Cir. 1998).  In support of the motion to dismiss for failure to

exhaust, Defendants submitted a sworn affidavit [20-8] from Charlayne Hall, the Acting

Administrative Remedy Program (ARP) Coordinator.  Hall explained that she looked into

Davis's ARP history and confirmed an April 28, 2021 ARP regarding the lost personal property.

Hall Aff. [20-8] at 3.  As to the excessive-force claims raised in this lawsuit, Hall states that

Davis "did not submit any grievances through the ARP process pertaining to any alleged assaults

or use of force against him[.]"  *Id.* at 2.  Davis did not respond to Defendants' motion.

Accordingly, Judge Ball recommended granting Defendants' motion and dismissing the

Complaint.  R&R [32] at 2 (filed Jan. 9, 2023).  On January 27, 2023, the Clerk received from

Davis a copy of the R&R with handwritten notes.  Obj. [35] at 1–3.  The Court construes this

filing as Davis's Objection [35].  Through these handwritten notes, Davis states:

> Appeal, R.R. to the above motion, I filed my A.R.P. on Mrs. Hall she is lieing)
> and I can prove, she destroyed) my filed A.R.P.) I filed on her She Mrs. Hall is
> (lieing) see below
> My 1st & 14th Amend, is being violated by, the Miss., U.S.D.C.) I will appeal to
> the US Federal Courts, A.S.AP!
> P:S Judge K. Ball you had know, rights to cancel , the Jan 17 2023, Spear's,
> Hearing you, had set, you or showing favoritizm) for the (D) and I will (appeal)
> your personal) decision, wrongfully ruleing to the higher courts of law, end of
> report.

*Id.* at 1–3 (capitalization altered but otherwise unaltered).

To begin, Defendants sought dismissal under Federal Rule of Civil Procedure 12(b)(6),

or, alternatively, summary judgment under Rule 56.  They supported the latter with Hall's

affidavit.  Rule 12(d) provides as follows: "If, on a motion under Rule 12(b)(6) . . . , matters

outside the pleadings are presented to and not excluded by the court, the motion must be treated

as one for summary judgment under Rule 56."  According to the Fifth Circuit, "Rule 12(b) gives

a district court 'complete discretion to determine whether or not to accept any material beyond

the pleadings that is offered in conjunction with a Rule 12(b)(6) motion.'"  *Isquith ex rel. Isquith*

*v. Middle S. Utils., Inc.*, 847 F.2d 186, 194 n.3 (5th Cir. 1988) (citing 5 C. Wright & A. Miller,

Federal Practice and Procedure § 1366 (1969); *Ware v. Associated Milk Producers, Inc.*, 614 F.2d 413, 414–15 (5th Cir. 1980)).

In this case, the Court will consider Hall's affidavit under Rule 56.  That means Davis was required to "go beyond the pleadings" and "designate 'specific facts showing that there is a genuine issue for trial.'"  *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).  "[W]hen . . . both parties have submitted evidence of contradictory facts," the record must be viewed in the light most favorable to the non-movant.  *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc).  But, as noted, Davis never responded to Defendants' motion, and his objection to the R&R offers no exhibits, affidavits, or other competent evidence supporting his contention that he fully exhausted the excessive-force claim.  Accordingly, he has not created a disputed fact on this point.

As to the Omnibus hearing, Judge Ball, in his discretion, opted to deny Davis's motion for a hearing [30] and cancelled the Omnibus hearing scheduled for January 17, 2023, after considering Defendants' motion to dismiss for failure to exhaust.  Dec. 20, 2022 Text-Only Order ("Plaintiff's [30] motion for hearing is denied without prejudice and may be re-urged pending the outcome of Defendants' [20] Motion to Dismiss, or Alternatively, for Summary Judgment.  Further, the Omnibus Hearing set for 1/17/2023 is hereby cancelled.").  As explained, exhaustion is a prerequisite to filing suit; Davis has not shown that he has complied with the PLRA.  *See Gonzalez v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012) ("[T]here can be no doubt that pre-filing exhaustion of prison grievance processes is mandatory.").

As such, the Court finds the Report and Recommendation [32] should be adopted as the opinion of this Court.[1] !Defendants' alternative motion for summary judgment [20] is granted; this action is dismissed *without* prejudice.  *See Bargher v. White*, 928 F.3d 439, 447 (5th Cir. 2019) ("Failure to exhaust, however, warrants dismissal without prejudice, which permits the litigant to refile if he exhausts or is otherwise no longer barred by the PLRA requirements.").  If Davis elects to refile, he will need to provide proof that he exhausted his administrative remedies.

A separate judgment will be entered in accordance with Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED** this the 30th day of January, 2023.

s/ *Daniel P. Jordan III*
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] Defendants raised multiple grounds for dismissal, including revoking Davis's in forma pauperis status because he has accumulated three strikes and dismissing the case as a sanction for making false representations to the Court about his litigation history.  Mem. [21] at 2.  This Order, consistent with Judge Ball's R&R, focuses on Davis's failure to exhaust. *See id.* at 7–11.